1  **Holly A. Sullivan**
2  California State Bar No. 216376
   **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
3  225 Broadway, Suite 900
   San Diego, California 92101-5030
4  Telephone: (619) 234-8467
   Facsimile: (619) 687-2666
5
6  Attorneys for Petitioner
7
8                  UNITED STATES DISTRICT COURT
9                 SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  Salvador Pena-Trejo, | CASE NO.: **'25CV1325 TWR** |
| 12             Petitioner, | |
| 13  v. | PETITIONER'S **EMERGENCY** APPLICATION FOR A WRIT OF HABEAS CORPUS AD PROSEQUENDUM |
| 14  Pam Bondi, Attorney General of the United States; Ronald L. Davis, Director, United States Marshals Service; Benjamine Huffman, Acting Secretary of the Department of Homeland Security; Steven C. Stafford, United States Marshal for the Southern District of California; MCC Warden - San Diego; and GEO Group Facility Administrator - San Diego, | |
| 21             Defendant. | |

22   **I.   INTRODUCTION**
23         Petitioner was taken into custody by the Attorney General of the United
24   States, the Director of the United States Marshals Service, and their employees
25   (hereinafter "Respondents") on 05/23/2025          and was not presented for
26   initial appearance as required by Fed. R. Crim. P. 5(a)(1)(A). Petitioner, by and
27   through provisional counsel, Federal Defenders of San Diego, Inc., requests that
28

the Court issue a Writ of Habeas Corpus Ad Prosequendum to Respondents who have custody over the Petitioner and require that the Petitioner be presented to a United States magistrate judge immediately for arraignment.

The Petitioner submits that there is good reason to believe that the Petitioner is currently being detained in violation of Fed. R. Crim. P. 5(a)(1)(A). Petitioner respectfully petitions this Court for a writ of habeas corpus ad prosequendum to remedy the unlawful detention.

## II.    JURISDICTION

This Court has jurisdiction under Local Civil Rule 72.1(h)(5), 28 U.S.C. §§ 1331, 2241, and U.S. Const. art. I., § 9, cl. 2, because the Petitioner's presence is needed for court proceedings and the continued detention without presentment violates the Constitution and the laws of the United States. Fed. R. Crim. P. 5(a)(1)(A) ("[a] person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge . . ."); *Corley v. United* States, 556 U.S. 303, 129 S.Ct. 1558, 1570 (2009) (Rule 5 is "one of the most important" protections "against unlawful arrest.").

## III.    THE GOVERNMENT FAILED TO TIMELY PRESENT THE DEFENDANT UNDER FED. R. CRIM. P. 5

### A.    Rule 5 Requires Presentment Without Unnecessary Delay

Federal Rule of Criminal Procedure 5(a)(1)(A) requires that "[a] person making an arrest within the United States must take the defendant without unnecessary delay before a Magistrate Judge . . . ." Presentment before a judge is a critical proceeding in a criminal matter because the defendant is advised of his rights as well as the charges against him. The Supreme Court in *Corley v. United States* reasoned that:

> Today presentment is the point at which the judge is required to take several key steps to foreclose Government overreaching: informing the defendant of the charges against him, his right to remain silent, his right to counsel, the availability of bail, and any right to a preliminary

  hearing; giving the defendant a chance to consult with counsel; and deciding between detention or release.

556 U.S. 303, 320 (2009).

  In this district, defendants are first transported to a jail and then brought before a magistrate judge. General Order 605 requires that the government "shall insure that every detainee being brought before the Court has been screened for an determined not to have transmittable tuberculosis." *See* Exhibit B. The order continues by saying that "[s]uch screening shall be completed expeditiously and to avoid unnecessary delay in the detainee's appearance before the Court as required by Federal Rule of Criminal Procedure 5." *Id*.

  **A.** **Petitioner's Case Is Controlled By *United States v. Pimental*.**

  The Ninth Circuit in *United States v. Pimental*, 755 F.3d 1095 (9th Cir. 2014) addressed what reasons can permit delay under Rule 5. Mr. Pimental was arrested at 10:00 a.m. on a Friday at the San Ysidro Port of Entry. *Id*. at 1097. Mr. Pimental was not presented until the following Tuesday (Monday was a court holiday) and the issue was whether he should have been presented on Friday, the same day of his arrest. "We have identified three categories of reasonable delays apart from transportation, distance, and the availability of a magistrate: (1) delays for humanitarian reasons; (2) delays due to the unavailability of government personnel [and judges] necessary to completing the arraignment process; and (3) delays necessary to determine whether a suspect should be criminally charged." *Id*. at 1101 (internal citations and quotations omitted).

  The court in *Pimental* held that the government's failure to present Mr. Pimental to a magistrate on the day of his arrest violated Rule 5 because none of the three permissible reasons were present. *Id*. at 1103 (reasoning that "the failure to present Torres Pimental to the magistrate judge on [the day of arrest] was still unreasonable because there was ample time between 10:00 a.m. and the conclusion of the magistrate judge's calendar to conduct the interviews, prepare a complaint,

1  and transport Torres Pimental to the courthouse seventeen miles away.").

**B.  Jail Booking Procedure And X-Ray Screening Delays Are _Not_ Valid Reasons For Delay Under Rule 5**

Jail booking delays or x-ray screening delays are not valid reasons under Rule 5 despite what the government may argue because the District Court cannot pass a General Order that overturns the Ninth Circuit's decision in *Pimental*. The Court must read General Order 605 in a way that does not conflict with *Pimental*. General Order 605 requires testing for tuberculosis be done in a way *that does not cause unreasonable delay under Rule 5*. No exception for booking windows, or jail procedure generally, exists in Rule 5 under the Ninth Circuit's interpretation of what constitutions necessary delay.

Consistent with this reading, Judge Moskowitz ruled in *Alvarado-Perez v. Lynch*, 15CV2242 (S.D. Cal. 2015) and *Alvarado-Perez v. Lynch*, 15CV2243 (S.D. Cal. 2015) that it was error to continue arraignment due to the MCC booking procedure. *See* Transcript of Record, 15CV2243, Dk. No. 7. The Alvarado-Perez brothers were arrested at 8:00 or 9:00 p.m. and not presented the following day due to the x-ray at the MCC not being read timely. A writ for immediate presentment was filed, denied by the magistrate judge, and an appeal was filed. Judge Moskowitz heard the appeal after 5:00 p.m. and ruled that it was error that they were not presented the day after arrest. "Well, if the person was arrested last night, they should be brought to the MCC booking window in the morning and presented before the magistrate judge in the afternoon. And you can get a copy of this transcript. If the magistrate judge thought otherwise, he's frankly in error." *See id*. at 4:12-16.

The most recent and comprehensive order on Rule 5 delay is in *United States v. Crystal Lauina, et al*, 15CR1932-BTM, Dk. No. 81. Judge Moskowitz addressed the intersection of *Pimental* and General Order 605 and ruled that the MCC booking window *cannot* be the impediment for timely presentment. The government is

required to establish a procedure to comply with General Order 605 while at the same time not causing unnecessary delay.

## IV. REQUESTED RELIEF

The government failed to present the petitioner timely and the Court should grant the writ and order immediate presentment. The Court should not grant the writ and stay presentment because it does not remedy the harm suffered by the petitioner. Staying presentment of the writ fails to remedy the harm because the petitioner is not presented in court, advised of the charges, appointed an attorney, and given the right to seek bond. In the alternative, the Court should order that petitioner be immediately released from custody, and ordered to appear for an initial appearance at a future date.

Respectfully submitted,

Dated: 05/23/2025

s/ Holly A. Sullivan
Federal Defenders of San Diego, Inc.
Attorneys for Petitioner